WOLRAUCH *v.* LUBLIN.

VENDOR AND PURCHASER—REMEDIES.
Where vendee in land contract sold on subcontract, and original vendor, by warranty deed, conveyed to vendee in subcontract and another without securing release from his vendee in original contract, latter's remedy is on subcontract, and vendee thereunder would then have an action against original vendor on his warranty.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 11, 1930. (Docket No. 88, Calendar No. 35,078.) Decided June 27, 1930.

Bill by Morey Wolrauch against Edward Lublin and others to set aside a deed. Cross-bill by defendants Lublin against plaintiff and other defendants to set aside a deed. Cross-bill by defendants Fried for specific performance of a land contract. From decree for plaintiff, defendants Lublin appeal. Modified and affirmed.

*Wm. Henry Gallagher,* for plaintiff.

*Joseph B. Beckenstein* (*John Sklar,* of counsel), for defendants Lublin.

FEAD, J. The case involves a trade of property. The issue is one of fact. The character of the testimony of the principal parties, Lublin, Wolrauch, Fried, and Freedman, forbids its being satisfactorily determined upon the oral evidence.

In June, 1928, Lublin owned a four-family flat in Detroit, incumbered by a $10,000 mortgage. He

had sold it on contract, and Wolrauch had acquired the vendee's interest. Wolrauch had sold it on subcontract to Fried and wife. Lublin's equity was about $6,500, and Wolrauch's $5,038. Lublin also had a contract vendee's equity in three lots in Pontiac, upon which he had paid $3,000. The lots were worth $600 each, or $900 each with all contracted improvements made.

Fried and Freedman, who are brothers engaged in the laundry business, owned a furnished summer home on Cherry Island, 20 miles from Detroit. As estimated by others than the parties, the value was problematical, ranging from $5,500 to $8,500, without the personal property. It was mortgaged for $3,000. The personal property was valued at $250 to $300 by disinterested witnesses and $1,300 by Fried.

Lublin traded his interests in the flat and the Pontiac lots for the Cherry Island property, together with six notes, signed by Fried Brothers Steam Laundry, a corporation, aggregating $4,069.86, a check for $30.86, given to balance the account, and another note for $300. Fried claimed he also paid Lublin $500 in cash. The testimony of the cash payment was not convincing.

The parties went to an attorney, who, under their direction, drafted the six notes, a warranty deed of the flat from Lublin and wife to Fried, subject to the mortgage, and a quitclaim deed of the flat from Wolrauch and wife to Lublin and wife. The instruments were not then signed. The notes and warranty deed were executed later. The quitclaim deed from Wolrauch to Lublin was executed by Wolrauch, but not by his wife, and was never delivered.

Lublin exchanged instruments with Fried and Freedman in the absence of Wolrauch. The latter did not release his claim in the flat or the subcontract, and none of the instruments provided for the payment of his equity. Each party to the trade claims the other agreed to pay him. The question is, Who was obligated to pay Wolrauch?

Lublin claimed the flat was taken in the trade at his equity of $6,500, the Pontiac lots at $3,000, and the Cherry Island place at $8,000, less the mortgage. Fried and Freedman claimed the Pontiac lots were taken at $300 and the Cherry Island property at $10,000, less the mortgage. They said Lublin originally was to give them a half interest in the Pontiac lots in consideration of the reduction of their price of the summer home from $10,500 to $10,000, and later gave them the other half interest for $300.

The $30.86 check indicates that the parties made some sort of a computation during the deal, but neither is able to reproduce the figures and we can find none, based either upon fair values or credible evidence, which so balance as to be convincing of how the trade was made. Because of the state of the testimony, and especially because Lublin knew that if he gave Fried a warranty deed he would have to obtain a release from Wolrauch or account for his equity, we think the case must rest upon the instruments as delivered.

Upon the instruments, Wolrauch's remedy to recover his equity would be against Fried on the subcontract, and the latter would then have an action against Lublin on his warranty. The decree unconditionally required Lublin to pay Wolrauch his equity. Lublin was given no lien to secure the money owing to him. This would leave him open to a defense on the notes that the corporation had no

authority to execute them for the personal business of Fried and Freedman. Wolrauch, Fried, and Freedman are clearly associated and collaborating in the case. We think the whole matter should be adjusted and further litigation obviated by modification of the decree to provide that Lublin have a lien upon the flat to secure the notes given him by Fried and Freedman, and that his payment of Wolrauch's equity of $5,038 be simultaneous with payment to him by Fried and Freedman. The details may be worked out in a decree. No costs will be allowed on appeal.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.